MICHAEL ST. DENIS PROFESSIONAL CORPORATION
Michael St. Denis (CA Bar No. 147952)
500 Silver Spur Road, Suite 204
Rancho Palos Verdes, California 90275
Telephone:  (310) 378-4700
Facsimile:   (310) 378-8722
Email:  mike@mikestdenislaw.com

THE MARBURY LAW GROUP, PLLC
Shauna M. Wertheim, *Pro Hac Vice Pending*
Joanna L. Cohn, *Pro Hac Vice Pending*
Timothy W. Johnson, *Pro Hac Vice Pending*
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
Telephone:  (703) 391-2900
Facsimile:   (703) 391-2901
Email:  swertheim@marburylaw.com
        jcohn@marburylaw.com
        tjohnson@marburylaw.com

Attorneys for Plaintiff DAIMLER AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German Corporation,<br><br>          Plaintiff,<br><br>     vs.<br>TRADE UNION INTERNATIONAL,<br>INC. D/B/A TOPLINE, a California<br>Corporation, and DOES 1–10 inclusive,<br><br>          Defendants. | Case No.: 5:16-cv-667<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Daimler AG ("Daimler"), by counsel, to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants Trade Union International, Inc. ("Trade Union") and DOES 1–10, inclusive (collectively "Defendants"), and states as follows:

### NATURE OF THE ACTION

1.   This is a civil action for design patent infringement, trademark infringement, counterfeiting, false designation of origin, unfair competition, and related claims under federal and California State law resulting from: (i) Defendants' use of various trademarks owned by Daimler in connection with the offer for sale, sale and distribution of wheels which are not authorized or sold by Daimler, and (ii) Defendants' offer for sale, sale and distribution of wheels which blatantly infringe issued design patents in various wheel designs that are owned by Daimler.

2.   Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under California statutory and common law.   As a result of Defendants' conduct as alleged herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

### THE PARTIES

3.   Plaintiff Daimler is a German corporation, having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.   Daimler is a worldwide

producer of premier luxury passenger automotive vehicles and parts therefor, including wheels. Daimler is the owner of the patents and trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

4.     Upon information and belief, Defendant Trade Union is a California corporation with its principal place of business at 4651 State Street, Montclair, California 91763.   Upon information and belief, Trade Union has operated, and continues to operate, the Internet website www.tradeunion.com (the "Trade Union website").   Upon information and belief, Trade Union is in the business of selling automotive wheels under the name Topline, as shown by the storefront pictured on the "About Us" page of the Trade Union website, attached hereto as **<u>Exhibit 1</u>**, and Trade Union's federal trademark registration of "Topline" for goods including "[v]ehicle wheel rims and structural parts therefor; [v]ehicle wheels." A true and correct copy of the registration certification for the mark "Topline" is attached hereto as **<u>Exhibit 2</u>**.

5.     Plaintiff Daimler does not know the true names of the defendants DOES 1–10, and thus, names these defendants fictitiously.  Defendants DOES 1–10 are entities or individuals residing and/or present in this Judicial District and therefore subject to the jurisdiction of this Court, and include, but are not limited to, principals or managing agents of Trade Union who have authorized, directed, or actively participated in the wrongful acts complained of herein, Trade Union's suppliers, or other entities or individuals who are manufacturing, offering for sale, selling, or distributing counterfeit

and other goods so as to participate in the acts of infringement alleged herein (collectively "DOE Defendants").  The identities of the DOE Defendants are unknown to Daimler at this time.  Daimler will amend this Complaint to substitute the true names of the DOE Defendants as they are discovered.

## JURISDICTION AND VENUE

6.   This action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 1 et seq. and 15 U.S.C. §§ 1051 et seq., respectively, and therefore this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patent and trademark infringement).  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

7.   This Court has personal jurisdiction over Defendants as residents of this district, due to Trade Union's principal place of business being located in this judicial district.   In addition, Defendants market, distribute and/or sell infringing products throughout the United States, including to customers within this judicial district.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### Daimler and its Famous Brands and Products

9.   Daimler is a world-renowned designer and manufacturer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler and/or its predecessors in interest have manufactured vehicles since 1886, and since 1926, have

produced and sold worldwide, including in the United States through its wholly-owned United States subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand.  For almost 90 years, Daimler's Mercedes-Benz vehicles have been and continue to be recognized as preeminent automotive brands known worldwide, including in the United States, for their high luxury standards.  In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned subsidiaries sold 663,000 Mercedes Benz vehicles in the U.S.[1]  In 2015, Forbes ranked the Mercedes-Benz brand 24th among the world's most valuable brands.[2] .

### Daimler's Trademarks

10.  At least as early as 1926, Daimler and/or its predecessors in interest have continuously and extensively employed distinctive marks and logos in connection with advertising and selling its luxury Mercedes-Benz vehicles.

11.  Daimler has protected its exclusive brand, innovative designs, and cutting-edge technologies through a broad range of intellectual property rights, including federal and common law trademark, and design patent rights.  In particular, Daimler owns all rights, title and interest in the following federally registered trademarks, for which true and correct copies of the registration certificates and applicable notices of renewal are attached hereto as **Exhibits 3A** through **3E**:

[1]https://www.daimler.com/company/business-units/mercedes-benz-cars/
[2]http://www.forbes.com/companies/mercedes-benz/

| Mark | U.S. Reg. No. | Goods/Services in Class 12 |
|---|---|---|
| **CL 65** (Ex. 3A) | 2,876,643 | "Automobiles and their structural parts" |
| **SL 63** (Ex. 3B) | 2,909,827 | "Automobiles and parts thereof" |
| **AMG** (Ex. 3C) | 3,305,055 | "Automobiles, passenger cars, and structural parts therefor" |
| **AMG** (Ex. 3D) | 1,807,353 | "Automobiles and structural parts therefor" |
| **AMG** (Ex. 3E) | 1,660,727 | "Automobiles and structural parts therefor" |

12. The above-referenced registered and common law marks are hereinafter collectively referred to as the "DAIMLER Marks."

13. Daimler's uses of its DAIMLER Marks are prior to any date that Defendants may claim to have used any of the designations referenced in paragraph 11 above.

14. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of the DAIMLER Marks are *prima facie* evidence of their validity.

15. Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark

"CL 65" (U.S. Reg. No. 2,876,643) has become incontestable.  A copy of the notice acknowledging the incontestability of U.S. Reg. No. 2,876,643is attached hereto as **<u>Exhibit 4A</u>**.

16.   Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of AMG & Design (U.S. Reg. No. 1,807,353) has become incontestable.  A copy of the USPTO Trademark Status & Document Retrieval (TSDR) status page showing acknowledgment of incontestability under Section 15 for U.S. Reg. No. 1,807,353  is attached hereto as **<u>Exhibit 4B</u>**.

17.   Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, Daimler's mark consisting of the word "AMG" (U.S. Reg. No. 1,660,727) has become incontestable.  A copy of the notice acknowledging the incontestability of U.S. Reg. No. 1,660,727 is attached hereto as **<u>Exhibit 4C</u>**.

18.   Based on their incontestability, the federal registrations of the "CL 65" word mark, "AMG" word mark, and AMG & Design mark are conclusive evidence of Daimler's exclusive rights to use them in commerce in connection with automobiles and parts thereof.

19.   To create and maintain goodwill among its customers, Daimler and its subsidiaries and/or licensees have taken substantial steps to assure that all authorized dealers and service providers using the DAIMLER Marks are of the highest quality.

20.   Daimler has expended millions of dollars in advertising across the United

States in connection with the DAIMLER Marks.  As a result of Daimler's extensive use and promotion of the DAIMLER Marks, Daimler has established the DAIMLER Marks as famous and/or well-known distinctive marks among U.S. purchasers of motor vehicles and wheels as well as among the general members of the U.S. public.

21.  The DAIMLER Marks became famous prior to any use thereof by Defendants.

22.  The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

23.  Daimler has never authorized or consented to Defendants' use of the DAIMLER Marks, or any confusingly similar marks by Defendants.  Further, Daimler has never authorized Defendants to copy, manufacture, import, market, sell or distribute any products bearing the DAIMLER Marks.

**Daimler's Design Patents**

24.  Daimler also owns all rights, title and interest in the following U.S. Design patents:

| Representative View of Claimed Design | Design Patent No. And Issue Date |
|---|---|
| FIG. 2 | D570,760 ("the 'D760 Patent") Issued June 10, 2008 (Ex. 5A) |
| FIG.2 | D542,211 ("the 'D211 Patent") Issued May 8, 2007 (Ex. 5B) |

25.  True and correct copies of U.S. Design Patent No. D570,760 ("the 'D760 Patent") and U.S. Design Patent No. D542,211 ("the 'D211 Patent") (collectively the "DAIMLER Patents") are attached hereto as **Exhibit 5A** and **Exhibit 5B**, respectively.

26.  Daimler and/or its predecessors in interest have expended much effort and resources to create the original artistic and ornamental designs claimed in various the DAIMLER Patents.

27.  An assignment to Daimler of the 'D211 Patent and the application that issued

as the 'D760 Patent from its predecessor company, DaimlerChrysler AG, the original assignee, is recorded at Reel/Frame No. 20986/1.  Copies of the Abstracts of Title for the 'D211 Patent and the 'D760 Patents are attached hereto as **Exhibit 6A** and **Exhibit 6B**, respectively.

28.  Pursuant to 35 U.S.C. § 282, the DAIMLER Patents and the claims therein, are each presumed valid.

29.  Following grant of each of the DAIMLER Patents, Daimler, its subsidiaries, and/or its licensees have continuously produced and sold wheels that embody the invention claimed therein, either in conjunction with a complete vehicle or as a stand-alone product.

### Defendants' Infringing Activities

30.  Defendants sell automotive wheels under a number of brands/names, including Topline, Topline Replica and/or Topline Replicas (collectively "Topline brand").  For example, "Topline Replicas" is listed as one of "Our Brands" on the Trade Union website, a printout of which is attached hereto as **Exhibit 7A**.  The corresponding "Topline Replicas" link on the Trade Union website directs users to the website www.toplinereplica.com (the "Topline website"), which includes a "Contact" page presenting the Topline storefront and Trade Union information.   A printout of the Topline website Contact page is attached hereto as **Exhibit 7B**.

31.  Defendants have operated, and continue to operate, the Topline website,

through which Defendants have advertised, and continue to advertise, automotive wheels manufactured by Defendants, including at least those marketed under the Topline brand. Among the Topline brand wheels advertised by Defendants are the following (collectively the "Topline Accused Products"):

a. V1174 CL65 AMG (the "Topline V1174 Wheel").  A printout of the direct webpage showing the V1174 Wheel (http://toplinereplica.com/Default.aspx?Module=WebsiteReplica&Action=BrandDetail&Brand=3&GroupName=V1174-CL65+AMG) is attached hereto as **Exhibit 7C** (visited on Jan. 23, 2016).

b. V1175 SL63 AMG (the "Topline V1175 Wheel").  A printout of the direct webpage showing the V1175 Wheel (http://toplinereplica.com/Default.aspx?Module=WebsiteReplica&Action=BrandDetail&Brand=3&GroupName=V1175-SL63+AMG) is attached hereto as **Exhibit 7D** (visited on Jan. 23, 2016).

32.  Defendants have sold, and continue to sell, the Topline Accused Products to distributors that advertise and sell such products to consumers, with Defendants' full knowledge and approval, through various retail websites, including the following:

a. Gearworks Tire and Wheel– A printout of the direct webpage through which the Topline V1174 Wheel is advertised and sold to consumers (http://shop.gearworkstireandwheel.com/17X8GUNMETALMACHINE

FACEV1174CL65REPLICAWHEEL784435G.htm) is attached hereto as **Exhibit 7E** (visited on Jan. 23, 2016).

b. Discounted Wheel Warehouse – A printout of the direct webpage through which the Topline V1175 Wheel is advertised and sold to consumers (http://www.discountedwheelwarehouse.com/Topline_Wheels_and_Topline_Rims_at_Wholesale_Prices.cfm?pn=Topline-Rims-SL63-Amg-18-85MMH.s&pID=79808) is attached hereto as **Exhibit 7F** (visited on Jan. 23, 2016).

33. Defendants have also made and/or imported into the U.S., and continue to make and/or import into the U.S., automotive wheels that are marketed and sold to consumers by other retailers under other brand names. Among Defendants' wheels that are marketed and sold by such retailers are the following (collectively, the "Other Accused Products"):

a. "Wheel Replica – 1174 CL 65 Gun Metal Machined Face" (the "Wheel Replica 1174 Wheel") – a printout of a website through which the Wheel Replica 1174 Wheel is advertised, offered for sale and sold (https://www.discountrimsonline.com/wheel-replica-1174cl65-177304.html) is attached hereto as **Exhibit 8A** (visited on Jan. 23, 2016).

b. "Wheel Replica – 1175 SL 63 Gun Metal Machined Face" (the "Wheel Replica 1175 Wheel") - a printout of a website through which the Wheel

Replica 1175 Wheel is advertised, offered for sale and sold (https://www.discountrimsonline.com/wheel-replica-1175sl63-177307. html) is attached hereto as **Exhibit 8B** (visited on Jan. 23, 2016).

c. "WHEEL REPLICAS® - CL65 Gunmetal with Machined Face" (the "CARiD CL65 Wheel"). A printout of a website through which the CARiD CL65 Wheel is advertised, offered for sale, and sold (www.carid.com/        wheel-replicas-wheels/cl65-gunmetal-machined-17194873.html) is attached hereto as **Exhibit 8C** (visited on Jan. 23, 2016).

d. "WHEEL REPLICAS® - SL63 Gunmetal with Machined Face" (the "CARiD SL63 Wheel"). A printout of a website through which the CARiD SL63 Wheel is advertised, offered for sale, and sold (http://www.carid.  com/wheel-replicas-wheels/sl63-gunmetal-machined-17202108.html) is attached hereto as **Exhibit 8D** (visited on Jan. 23, 2016).

e. Wheel Replicas – V1175 Gun Metal Wheel with Machined Face (17x8"/5x112mm) (the "Amazon V1175 Wheel"). A printout of the direct webpage through which the Amazon V1175 Wheel is advertised, offered for sale, and/or sold (http://www.amazon.com/Wheel-Replicas-

V1175-Machined-5x112_mm/dp/B00ICEGMUS) is attached hereto as **Exhibit 8E** (visited on Jan. 23, 2016).

    f.  Wheel Replicas – V1174 Gun Metal Wheel with Machined Face (17x8"/5x112mm) (the "First Amazon V1174 Wheel"). A printout of the direct webpage through which the First Amazon V1174 Wheel is advertised, offered for sale, and/or sold (http://www.amazon.com/Wheel-Replicas-V1174-Machined-x112mm/dp/B00ICEGJQK) is attached hereto as **Exhibit 8F** (visited on Jun. 29, 2015).

    g.  Wheel Replicas – V1174 Gun Metal Wheel with Machined Face (18x8.5"/5x112mm) (the "Second Amazon V1174 Wheel"). A printout of the direct webpage through which the Second Amazon V1174 Wheel is advertised, offered for sale, and/or sold (http://www.amazon.com/Wheel-Replicas-Machined-18x8-5-x112mm/dp/B00ICEGKJ6) is attached hereto as **Exhibit 8G** (visited on Jan. 22, 2016).

34. On September 3, 2015, Daimler's investigator purchased a set of four Wheel Replica 1174 Wheels through the corresponding sale webpage (*see* Ex. 8A) at a total price of $554.28. On September 3, 2015, Daimler's investigator purchased a set of four Wheel Replica 1175 Wheels through the corresponding sale webpage (*see* Ex. 8B) at a total price of $577.16. As shown in the documentation of these purchase orders and the corresponding deliveries, attached hereto as **Exhibit 9**, the purchased Wheel Replica

1174 Wheels and Wheel Replica 1175 Wheels were shipped from Trade Union International Inc., 4651 State Street, Montclair, CA 91763.

35.  On July 24, 2015, Daimler's investigator purchased a set of four CARiD CL65 Wheels through the corresponding sale webpage (*see* Ex. 8C) at a total price of $770.96.  On July 24, 2015, Daimler's investigator purchased a set of four CARiD SL63 Wheels through the corresponding sale webpage (*see* Ex. 8D) at a total price of $707.20. Documentation of these purchase orders and the corresponding deliveries is attached hereto as **Exhibit 10**.  As shown by the labels on the purchased CARiD CL65 Wheels and CARiD SL63 Wheels, photographs of which are attached hereto as **Exhibit 11A** and **Exhibit 11B**, respectively, they were manufactured and/or imported by Trade Union.

36.  On July 24, 2015, Daimler's investigator purchased an Amazon V1175 Wheel through the corresponding sale webpage (*see* Ex. 8E) at a total price of $162.84. On December 3, 2015, Daimler's investigator purchased another Amazon V1175 Wheel through the corresponding sale webpage (*see* Ex. 8E) at a total price of $170.37.  On August 31, 2015, Daimler's investigator purchased a First Amazon V1174 Wheel through the corresponding sale webpage (*see* Ex. 8F) at a total price of $148.72. On October 8, 2015, Daimler's investigator purchased a Second Amazon V1174 Wheel through the corresponding sale webpage (*see* Ex. 8G) at a total price of $187.25. Documentation of these purchase orders and the corresponding deliveries is attached hereto as **Exhibit 12**.

37.  As shown by the labels on the purchased Amazon V1175 Wheels, First Amazon V1174 Wheel, and Second Amazon V1174 Wheel photographs of which are attached hereto as **Exhibits 13A-13C**, respectively, they were manufactured and/or imported by Trade Union International, Inc.

38.  The purchased Wheel Replica 1174 Wheels, Wheel Replica 1175 Wheels, CARiD CL65 Wheels, CARiD Replicas SL63 Wheels, Amazon V1175 Wheels, First Amazon V1174 Wheel, and Second Amazon V1174 Wheel were all inspected to verify that they were not manufactured or authorized by Daimler, its subsidiaries, or licensees.

39.  The Topline V1175 Wheel embodies the design of the 'D760 Patent, as demonstrated by the pictures on the corresponding Topline brand webpage (*see* Ex. 7D) and on the corresponding website through which the Topline V1175 Wheel is sold (*see* Ex. 7F).

40.  The Wheel Replica 1174 Wheel, the Wheel Replica 1175 Wheel, the CARiD SL63 Wheel, and the Amazon V1175 Wheel each embody the design of the 'D760 Patent, as demonstrated by photographs of the purchased products, attached hereto as **Exhibits 14A-14D**, respectively, as well as the pictures on the corresponding sale webpages (*see* Exs. 8B, 8D, 8E, & 8G).

41.  The Topline V1174 Wheel embodies the design of the ''D211 Patent, as demonstrated by the pictures on the corresponding Topline brand webpage (*see* Ex. 7C) and on the corresponding website through which the Topline V1174 Wheel is sold (*see*

Ex. 7E).

42.   The CARiD CL65 Wheel, the First Amazon V1174 Wheel, and the Second Amazon V1174 Wheel each embody the design of the 'D211 Patent, as demonstrated by photographs of the purchased products, attached hereto as **Exhibits 15A-15C**, respectively, as well as the pictures on the corresponding sale webpages (*see* Exs. 8C, 8F, & 8H).

43.   Based on pages of the Topline website that advertise the Topline Accused Products, and the retail websites offering and selling the Topline Accused Products, Defendants are using marks in association with these Topline Accused Products that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of, the DAIMLER Marks.

44.   Based on pages of the Topline website that advertise the Topline Accused Products, the websites offering and selling the Topline Accused Products and/or the Other Accused Products, and the actual purchases of the Other Accused Products, Defendants are manufacturing, offering for sale, selling, and/or importing in the U.S., unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

45.   Defendants' conduct as alleged herein began long after Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks

became famous.

46.  Pursuant to 35 U.S.C. § 287, this Complaint provides the Defendants with actual notice of the DAIMLER Patents.

47.  Defendants have actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents.

48.  Defendants are willfully infringing upon Daimler's rights in the DAIMLER Marks, in order to capitalize upon and profit from Daimler's reputation and goodwill by manufacturing, advertising, selling, and/or importing into the U.S. the Topline Accused Products, and/or by intentionally inducing such acts by others.

49.  Defendants are willfully infringing upon Daimler's rights in the DAIMLER Patents by manufacturing, advertising, selling, and/or importing into the U.S., the Topline Accused Product, and by manufacturing and/or importing into the U.S. the Other Accused Products.

50.  Neither Daimler nor any authorized agent of Daimler's has consented to Defendants' use of the DAIMLER Marks or DAIMLER Patents in the manner alleged herein.

51.  Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and

unauthorized goods.   By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

52.   Defendants intend to continue their infringing activities, and Daimler continues to and will continue to suffer irreparable harm from such unlawful infringing activity for which there is no adequate remedy at law unless Defendants are enjoined by this Court.

## COUNT I
## Infringement of U.S. Design Patent No. D570,760
### (35 U.S.C. § 1 *et seq.*)

53.   Daimler realleges and incorporates by reference the allegations set forth above.

54.   Defendants are directly infringing the 'D760 Patent by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design as the 'D760 Patent in the eye of an ordinary observer, including at least the Topline V1175 Wheel, the Wheel Replica 1174 Wheel, the Wheel Replica 1175 Wheel, the CARiD SL63 Wheel, and the Amazon V1175 Wheels.

55.   Defendants' continued infringement of the 'D760 Patent is intentional based on knowledge of the 'D760 Patent at least through the filing of this action.

56.   Defendants have gained profits by virtue of their infringement of the 'D760 Patent, while Daimler has sustained damages as a direct and proximate result of

Defendants' infringing activities alleged herein.

57.  The aforementioned acts of infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

## COUNT II
## Infringement of U.S. Design Patent No. D542,211
### (35 U.S.C. § 1 *et seq.*)

58.  Daimler realleges and incorporates by reference the allegations set forth above.

59.  Defendants are directly infringing the 'D211 Patent by manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States, products that have substantially the same design as that of the 'D211 Patent in the eye of an ordinary observer, including at least the Topline V1174 Wheel, the CARiD CL65 Wheel, the First Amazon V1174 Wheel, and the Second Amazon V1174 Wheel each embody the design of the 'D211 Patent.

60.  Defendants' continued infringement of the 'D211 Patent is intentional based on knowledge of the 'D211 Patent at least through the filing of this action.

61.  Defendants have gained profits by virtue of their infringement of the 'D211 Patent, while Daimler has sustained damages as a direct and proximate result of Defendants' infringing activities alleged herein.

62.  The aforementioned acts of infringement by Defendants have caused, and

unless enjoined by this Court will continue to cause, irreparable harm to Daimler for which there is no adequate remedy at law.

## COUNT III
### Federal Trademark Infringement and Counterfeiting
**(Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) & 1117)**

63.  Daimler realleges and incorporates herein by reference the allegations set forth above.

64.  Defendants' use of the registered DAIMLER Marks in connection with the Topline brand, including at least the Topline Accused Products, is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of Defendants' products, such that Defendants' actions constitute infringement of the registered DAIMLER Marks.

65.  Defendants are manufacturing and/or supplying Topline brand wheels, including at least the Topline Accused Products, to entities that they know or have reason to know are, through the advertisement and/or sale of those wheels, infringing the registered DAIMLER Marks such that Defendants' actions constitute contributory infringement of the registered DAIMLER Marks.

66.  Defendants' advertisement, offers for sale, and/or sales using marks and/or designations that are identical or substantially the same as the DAIMLER Marks for products that are not affiliated with, sponsored by, or authorized by Daimler, constitutes

trademark counterfeiting.

67. Defendants' actions as alleged herein constitute use in commerce of reproductions, copies, or colorable imitations of the registered DAIMLER Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

68. Defendants' actions as alleged herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

69. As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

70. Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' use of counterfeit marks in the advertisement, offer for sale, and/or sale of automotive wheels.  Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

71. Defendants' continued and knowing use of the registered DAIMLER Marks without Daimler's consent or authorization as alleged herein constitutes intentional infringement of Daimler's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.  Based on such conduct Daimler is entitled to

injunctive relief as well as monetary damages, and other remedies provided by 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

72. Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT IV
### Federal Unfair Competition and False Designation of Origin
**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

73. Daimler realleges and incorporates herein by reference the allegations set forth above.

74. Defendants' unauthorized use of the DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the Topline Accused Products falsely designates, describes or represents the Topline Accused Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Topline Accused Products with Daimler, or as to the sponsorship or approval of said products by Daimler.

75. Defendants' actions as alleged herein have diminished the goodwill in the DAIMLER marks, which Daimler has built up at great labor and expense.

76. Defendants' actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.  Defendants' actions as alleged herein with respect to the DAIMLER Mark are likely to cause Daimler to suffer economic harm and/or are likely to result in unjust enrichment to Defendants.

78.  Defendants' actions as alleged herein with respect to the DAIMLER Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in its marks.

79.  As a result of the foregoing alleged actions of the Defendants, Daimler has been injured and damaged. Unless the foregoing alleged actions by the Defendants are enjoined, Daimler will continue to suffer injury and damage.

## COUNT V
## **Trademark Dilution**
### (Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

80.  Daimler realleges and incorporates by reference the allegations set forth above.

81.  The DAIMLER Marks are distinctive and famous, and have been since prior to Defendants' unauthorized uses thereof.

82.  The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

83.  Defendants' activities as alleged herein have diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c).

84.  Defendants willfully intended to trade on Daimler's reputation and/or cause

dilution of the DAIMLER Marks, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

85.   Defendants' acts have caused and will continue to cause Daimler irreparable harm.  Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless enjoined by this Court.

86.   Each and every separate act of trademark dilution by Defendants constitutes a separate claim herewith.

## COUNT VI
## Common Law Unfair Competition/Trademark Infringement
### (Common Law of California)

87.   Daimler realleges and incorporates by reference the allegations set forth above.

88.   Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute trademark infringement and unfair competition in violation of the common law of California.

89.   Defendants' actions as alleged herein with respect to the DAIMLER Marks has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the source, origin, or sponsorship of the Topline Accused Products.

90.   Defendants' actions with respect to the DAIMLER Marks have caused and,

unless restrained by this Court, will continue to cause, serious and irreparable damage to Daimler, including within this State, for which Daimler is entitled to relief under the common law.

91. As a result of the foregoing actions of Defendants, Daimler has been irreparably injured. Unless the foregoing alleged actions by Defendants are enjoined, Daimler will continue to suffer such injury.

**COUNT VII**
**<u>Dilution</u>**
**(Cal. Bus. & Prof. Code § 14247)**

92. Daimler realleges and incorporates by reference the allegations set forth above.

93. The DAIMLER Marks are famous and distinctive, and have been since prior to Defendants' unauthorized uses thereof.

94. Defendants' use of the DAIMLER Marks in California has diluted, and will continue to dilute, the distinctive quality of the DAIMLER Marks and/or has tarnished, and will continue to tarnish, the image of the DAIMLER Marks in violation of the Section 14247 of the California Business and Professions Code.

95. Defendants' wrongful activities in the State of California have caused Daimler irreparable injury. Daimler is informed and believes that unless said conduct is enjoined by this Court, Daimler will continue and expand those activities to the continued and irreparable injury of Daimler. This injury includes a reduction in the

distinctiveness of the DAIMLER Marks, and injury to Daimler's reputation that cannot be remedied through damages alone.

96.   Daimler is entitled to injunctive relief enjoining the Defendants from using in commerce the DAIMLER Marks or any colorable imitations thereof, and/or other equitable relief as this Court may order.

### COUNT VIII
### <u>Unfair Competition</u>
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

97.   Daimler realleges and incorporates by reference the allegations set forth above.

98.   Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., in that Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

99.   Defendants' actions as alleged herein are unlawful under the California Unfair Competition Law because their unauthorized use of the DAIMLER Marks in California is likely to confuse consumers as to the source, origin, or affiliation of the Topline Accused Products, to misrepresent the nature, characteristics, and qualities of the Topline Accused Products, and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Topline Accused Products have the same characteristics and/or quality as genuine goods affiliated with Daimler.

100. Defendants' acts of unfair competition in the State of California have caused and has caused damage to Daimler's business reputation, to the DAIMLER Marks, and other rights and properties in an amount to be determined at trial. Daimler is entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

## PRAYER FOR RELIEF

WHEREFORE, Daimler prays for the following relief:

1.      Entry of a judgment that Defendants have directly infringed, and/or induced infringement of the 'D760 Patent and the 'D211 Patent;

2.      Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parent entities, subsidiaries, divisions, successors and assigns from further acts of infringement of the 'D760 Patent and the 'D211 Patent;

3.      Entry of a judgment awarding Daimler all damages adequate to compensate for Defendants' infringement of each of the 'D760 Patent and the 'D211 Patent in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.      Entry of a judgment awarding Daimler all damages, including treble damages, based on any infringement of the 'D760 Patent and the 'D211 Patent found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.      Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6.      Entry of a judgment that Defendants have infringed the DAIMLER Marks and/or used counterfeits of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7.      Entry of a judgment that Defendants' activities are likely to, or have, diluted the famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8.      Entry of a judgment that Defendants have competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

9.      Entry of a judgment that Defendants' activities are likely to, or have, diluted the famous DAIMLER Marks in violation of Daimler's rights under Cal. Bus. & Prof. Code § 14247;

10.      Entry of a judgment that Defendants' activities have violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

11.     Entry of an order directing Defendants to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

12.     Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for Defendants' wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

13.     Alternatively, instead of actual profits and damages, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given Defendants use of counterfeits of at least 5 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $10,000,000; and

14.     Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with respect to the DAIMLER Marks, said award to equal at least treble Daimler's actual damages under 15 U.S.C. § 1117.

15.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Daimler

hereby demands trial by jury on all issues raised by the Complaint.

Respectfully submitted,

Dated:  April 11, 2016          By:       /s/ Michael St. Denis
                                          Michael St. Denis
                                          Michael St. Denis Professional Corporation
                                          *Counsel for Plaintiff Daimler AG*

                                          Shauna M. Wertheim
                                          Timothy W. Johnson
                                          Joanna L. Cohn
                                          THE MARBURY LAW GROUP, PLLC
                                          *Counsel Pro Hac Vice for Plaintiff*
                                          *Daimler AG*